UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRENT BREWER, | Case No. CV 11-4100 MMM (AN) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| TERESER A. BANKS, Warden, et al., | |
| Respondents. | |

## I. BACKGROUND

On May 12, 2011, petitioner Trent Brewer, a federal prisoner, filed his pending "Motion under Section 2241", which is construed as a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("§ 2241"). From what the court can glean from the Petition's allegations and attached exhibits, Mr. Brewer claims that, sometime in May 2009, while he was imprisoned at the FCI Forrest City Low, which is a low security facility located in the Eastern District of Arkansas, another inmate or prison employee stole $200.00 from his prison trust account by forging his name on a prison trust account withdrawal form and directing the prison accounting department to issue a check payable to a person named Cynthia Starks who, according to Mr. Brewer, is someone he does not know. As a result of the forged withdrawal request, FCI Forrest City Low officials issued

a United States Treasury check payable to Starks on May 7, 2009, which Starks negotiated on May 12, 2009.

Unfortunately, the court lacks jurisdiction under § 2241 to consider the Petition, and it is subject to dismissal for the reasons discussed below.

## II. DISCUSSION

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827 (1973). Thus, this court may only entertain a petition for writ of habeas corpus by a person in federal custody where that *custody* is somehow "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Conversely, a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper method for a state prisoner to challenge the conditions of his confinement. *Preiser*, 411 U.S. at 498-99. The face of the Petition and attached exhibits clearly establish that Petitioner is seeking legal remedies for the theft of $200.00 from his prison trust account, which is a claim relating to a condition of his confinement, not his custody. Accordingly, this court does not have habeas jurisdiction under § 2241 to consider the claim raised in the Petition. *Id.*; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (finding civil rights action is proper method for challenging a condition of confinement, citing *Preiser*).

B. **The Court Declines to Construe the Petition as a Prisoner Civil Rights Complaint Under the Circumstances.**

Both *Preiser* and *Badea* indicate a district court has the discretion to construe the habeas petition as a §1983 complaint when a *pro se* litigant seeks relief from prison conditions by way of a habeas petition. However, both *Preiser* and *Badea* were decided before the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), which imposes a pre-filing exhaustion requirement in prisoner civil rights action. *See* 42 U.S.C. §1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 532, 122 S. Ct. 983 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong."). Further, this court finds it would be inappropriate to unilaterally exercise its discretion here because, in the time that has passed since *Preiser* and *Badea* were decided, the filing requirements for prisoner civil rights actions and habeas corpus actions has changed dramatically. Specifically, the Congressionally mandated filing fee for a prisoner civil rights complaint is now $350.00 in contrast to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. §1914(a). Further, prisoners who cannot pay the $350.00 filing fee to bring a civil rights action and otherwise qualify for *in forma pauperis* status must agree to become financially responsible to pay the entire $350.00 filing fee from their prison trust accounts even if their §1983 claims are ultimately dismissed. *See* 28 U.S.C. §1915(b)(1).

Here, Mr. Brewer is proceeding in *pro se* and he has not yet paid the $5.00 filing fee for his pending Petition. Further, given that his alleged loss is only $200.00 -- less than the $350.00 filing fee -- the court finds Mr. Brewer may conclude it is not worth it to file a civil rights action or seek to file an application to proceed *in forma pauperis* since he would become financially responsible to pay the entire $350.00 filing fee from his prison trust account if his case is dismissed.

Finally, even if Petitioner elected to bring a prisoner civil rights action complaint to seek redress for his $200.00 loss, the action would have to be filed in the proper venue. Here, proper venue is the Eastern District of Arkansas because that is where Petitioner's claim arose or the possible defendants reside. *See* 28 U.S.C. §§ 83; 1391(b), (e).

Accordingly, the Petition will not be construed as a prisoner civil rights complaint.

## III. ORDER TO SHOW CAUSE ("OSC")

Based upon the foregoing, the court wishes to give Mr. Brewer an opportunity to cure the problem with his pending action by giving him an opportunity to file a Request For Voluntarily Dismissal Without Prejudice to his bringing a prisoner civil rights complaint against the appropriate parties, which must be filed in Eastern District of Arkansas.

///

The Request For Voluntary Dismissal must be filed **no later than June 6, 2011**, and

it may consist of a simple, one-page request signed by Mr. Brewer. Alternatively, if Mr. Brewer disagrees with the court's analysis and wishes to oppose this OSC instead of filing a Request For Voluntary Dismissal, he is ordered to file his written opposition to this OSC **on or before June 6, 2011**, and show cause why his Petition should not be involuntarily dismissed for the reasons set forth above. Mr. Brewer is warned if he does not file either a Request For Voluntary Dismissal or opposition to this OSC by June 6, 2011, his pending Petition may be dismissed with prejudice for disobedience with this Order and/or want of prosecution. *See* Fed. R. Civ. P. 41(b). No further notice will be given.

Dated: May 23, 2011

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE